**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

JOHNSON RICHARDS ESENOWO,
　　　　　　*Defendant-Appellant.*

No. 01-4905

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-00-194-2)

Submitted: June 26, 2002

Decided: July 22, 2002

Before NIEMEYER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Sofie Wonderly Hosford, HOSFORD & HOSFORD, Wilmington, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, George E.B. Holding, Assistant United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Johnson Richards Esenowo appeals the revocation of his supervised release term and sentence to eighteen months' imprisonment. Following his guilty plea, Esenowo was convicted for conspiracy to defraud, in violation of 18 U.S.C. § 371 (1994). The district court sentenced him to fourteen months' imprisonment, a thirty-six month term of supervised release, 250 hours of community service, a $100 special assessment, $50,450 in restitution, and a $50,000 fine. Esenowo did not appeal.

Shortly after his release from custody and the commencement of his term of supervised release, Esenowo's supervised release terms were modified and then revoked. The district sentenced him to eighteen months' imprisonment following the revocation. Esenowo did not object to the penalty range nor sentence imposed. Thereafter, Esenowo appealed his sentence, contending the district court erred in sentencing him to eighteen months' imprisonment when his written plea agreement recited a maximum term of twelve months incarceration upon revocation of supervised release.

Because of the lack of objection in the district court, we review Esenowo's sentence imposed after the revocation of supervised release for plain error. *See United States v. Olano*, 507 U.S. 725 (1993). A revocation sentence of up to two years' imprisonment was authorized by 18 U.S.C.A. § 3583(e)(3) (West 1999 & Supp. 2001). Furthermore, the plea agreement explained the sentencing court was not bound by any sentence recommendation or agreement, and that even if a sentence up to the statutory maximum was imposed, Esenowo could not withdraw his guilty plea. Moreover, the term of imprisonment imposed for the criminal offense and the term imposed for revocation of supervised release did not exceed the statutory maximum term of imprisonment of sixty months. Consequently, we find

the district court did not err in sentencing Esenowo to eighteen months' imprisonment following the revocation of his supervised release term.

Accordingly, we affirm the revocation of Esenowo's supervised release term and his eighteen-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*